UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEXTER L. BUTLER,

    Plaintiff,

v.                           Case No. 8:06-cv-2320-T-17TBM

WILLIAM F. BALKWILL,
PRISON HEALTH SERVICES, INC.,

    Defendants.

_____

O R D E R

Pro se prisoner Plaintiff Dexter Butler, who is incarcerated in the Sarasota County Jail, filed a 42 U.S.C. § 1983 civil rights complaint alleging the following:

    1) On 9-2-06, upon being booked in Sarasota County Jail medical staff were thoroughly advised of serious medical condition consisting of severely bleeding hemorrhoids. [sic] Nearly 2-3 weeks had elapsed before plaintiff received any medical attention regarding this illness.  At this time plaintiff received a 1 week prescription of mild low dosage pain pills and a suppository.  severe bleeding persisted resulting in stained linen and clothing daily.  Additionally, plaintiff advised medical staff of this matter and the fact that the pain medication was ineffective.  Upon plaintiff's next visit to medical to renew a prescription, which took nearly 4-5 weeks, he advised staff that is [sic] stools contained quantities of blood in a clotted form.  Plaintiff were [sic] once again given a mild low dosage of pain pills and suppositories.  Plaintiff's condition has only worsened and despite his request to be examined by a doctor instead of a nurse, his medical condition continued to be neglected.

        2) Plaintiff contends that the grievance procedure utilized by Sarasota County Jail totally undermines any efforts to remedy an issue pertaining to the conditions of their confinement.  A) When requesting grievance forms inmates are repeatedly questioned in a harassing like manner.  B)

Grievances once failed are responded to in an untimely manned, in some instances 30 or more days have elapsed. Often times grievances are not answered at all. C) The appellate processing of grievances is inadequate, whereas there are several weeks that elapse before receiving a reply to an appeal. In many instances there is no reply at all; undermines due process.

3) Plaintiff contends that the practice of withholding the receipts of deposits into inmates banking accounts wrongfully interferes with the ordering and purchasing of commissary items, where, when money orders are delivered to Sarasota County Jail, documented by staff, and a receipt forwarded to the inmate, in many instances as much as 3-4 days may have passed. Generally, when there is a deposit, within 48 hours or the following day inmates are given a receipt reflecting their account balance. What this practice does by interfering with commissary ordering is that it prohibits an inmate from knowing whether or not they have a sufficient balance to order and it enables Sarasota County Jail to unlawfully syphon money from inmate accounts for meals which liens are not placed. Be advised that no liens are levied against any inmate with indigent status for meals.

4) Plaintiff contends that the Commissary system employed by Sarasota County Jail routinely partially fills commissary orders and the funds remaining in the account from the result of the "misorder" are syphoned out to go towards the payment of daily meal fees. The manner in which this practice is carried out and the quantity of items that are misordered on a week-to-week basis suggests that fraudulent appropriation of inmate bank accounts are taking place.

5) Due to his incarceration, Plaintiff, a pretrial detainee, is unable to receive the level of treatment that he had prior to incarceration and the defendants refuse to prove that level of treatment, one which sufficiently addresses the Plaintiff's condition. Wherefore, immunity isn't applicable.

As relief, Plaintiff seeks:

1) Plaintiff seeks to have this Court enter judgment against the Defendants to their lack of interest in providing adequate medical treatment for a condition that continues to worsen.

2) Plaintiff seeks to have this Court enter judgment against the Defendant, William F. Balkwill, directing him to revise the inmate grievance procedure implemented by Sarasota County Jail, specifically outlining time frame in which all grievances shall be responded to, a time frame for grievance appeals, and responses to them.

> 3) Plaintiff seeks to have this Court enter judgment against the Defendant, William F. Balkwill, directing him to implement and/or make systematical changes to the inmate banking system employed by Sarasota County Jail that would advise inmates of account deposits in a more timely manner that would not interfere with commissary ordering.
>
> Additionally, Plaintiff seeks to have this Court in entering judgment against the Defendants, enter an order directing the defendants to compensate the Plaintiff in the form of monetary awards for mental anguish, punitive and declaratory damages, and any other the Court so deems, that sum totaling $100,000.

## DISCUSSION

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir.1998); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir.1999) (citing Alexander, 159 F.3d 1326).

In Alexander v. Hawk, [the Eleventh Circuit] noted seven important policies favoring an exhaustion of remedies requirement:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

159 F.3d at 1327 (quoting Kobleur v. Group Hospitalization & Medical Services, Inc., 954 F.2d 705 (11th Cir.1992)). Each one of those policies is furthered by reading § 1997e(a) to require that a prisoner provide with his grievance all relevant information reasonably available to him. Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir.2000). Thus, in Brown, the Eleventh Circuit held "that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as the prisoner reasonably can provide. It does not require him to provide information he cannot reasonably obtain[.]" Id. at 1210.

Because exhaustion is a pre-condition to suit and because the administrative grievance procedures are important for effectively determining how the facility has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to comply with the procedures as set forth in the instructions to the civil rights complaint form. Section III.C. of the civil rights complaint form requires Plaintiff to exhaust the administrative grievance procedures at his facility and to attach copies of the grievances, appeals, and responses to the section 1983 complaint as a verification that he has initiated and completed the grievance process.

Plaintiff Butler has not submitted any documents to show that he filed a grievance relative to any of his claims while he has been incarcerated at the Sarasota County Jail. Furthermore, this Court does not have mandamus power over the Sarasota County Jail. Writs of mandamus as such have been abolished in federal practice pursuant to Rule 81(b), Federal Rules of Civil Procedure.[1] However, under the All Writs Statute, 28 U.S.C. § 1651, Federal Courts may issue all writs necessary or appropriate in aid of their respective jurisdictions. Title 28 U.S.C. § 1651 does not create an independent basis for jurisdiction. Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586 (4th Cir. 1969); Ortega v. Puncinelli, 444 F.2d 530 (9th Cir. 1971); Ali v. State Police of Pennsylvania, 378 F. Supp. 888 (E.D. Pa. 1974).

Writs in the nature of mandamus may be issued only in instances where, before the adoption of Rule 81(b), the remedy of mandamus would have been available. It is well-settled that federal courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971); Haggard v. State of Tennessee, 421 F.2d 1384 (6th Cir. 1970); Clark v. State of Washington, et al., 366 F.2d 678, 681-82 (9th Cir. 1966); Dunlap v. Corbin, 532 F. Supp. 183, 187 (D. Ariz. 1981), aff'd 673 F.2d 1337 (9th Cir. 1982); Lessard v. State of Wisconsin, 449 F. Supp. 914, 915 (E.D. Wis. 1978). Analogously, this Court does not have mandamus power to order the Sheriff of Sarasota County, or the Sarasota County Jail to provide any services or to change their manner of accounting.

---

[1] Federal courts have jurisdiction under 28 U.S.C. § 1361 in actions in the nature of mandamus to compel officers or employees of the United States to perform their duties.

However, because Plaintiff has raised an allegation that rises to the level of a criminal charge against officers who are in charge of the inmate accounting procedure, this Court will send a copy of this complaint to the Sarasota County Sheriff for his review only. The Court's sending the copy to the Sheriff is not service on the sheriff pursuant to Rule 4, Federal Rules of Civil Procedure.

Accordingly, the Court orders:

1. That Plaintiff's complaint is dismissed, without prejudice.  The Clerk is directed to enter judgment against Plaintiff and to close this case.

2. Plaintiff has paid only 150.00 of the 350.00 filing fee.  Therefore, the Court shall send a copy of this order to Inmate Accounting at the Sarasota County Jail.  Inmate accounting shall send payment to this Court from Inmate Butler's account in accordance with federal statutes until Plaintiff has paid the remaining 200.00

3. The Clerk shall send a copy of this order to the Sarasota County Sheriff.

ORDERED at Tampa, Florida, on January 23, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Sarasota County Sheriff
Sarasota County Jail Inmate Accounting
Dexter L. Butler